UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Jesse R. Lance**, | ) | C/A No. 2:07-726-SB-BM |
| | ) | |
| Plaintiff, | ) | Report and Recommendation |
| vs. | ) | |
| **Jimmy Wilson Cagle, Jr.** | ) | |
| Defendant. | ) | |

Plaintiff, proceeding *pro se*, brings this action for alleged racial discrimination based upon the sale of one acre of land from Henry Edward Lance, the cousin of plaintiff, to the defendant in late 2004. The plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of § 1915, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). Even under this less stringent standard, however, this *pro se* complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).



Background

The *pro se* plaintiff alleges racial discrimination based upon the sale of one acre of land in late 2004 from Henry Edward Lance, not a named party herein, to the defendant. The plaintiff, an African-American, alleges that Henry Edward Lance, an African-American, was mentally ill at the time of the land sale and still is mentally ill. The plaintiff, a cousin of Henry Edward Lance, claims that the Caucasian defendant cheated and took advantage of Henry Edward Lance by purchasing one acre of property for $4,000 when it was worth over $20,000, and that the defendant's actions constituted racial discrimination. He alleges that for years Caucasians have been cheating and tricking African-Americans to obtain their properties. On behalf of the entire Lance family, the plaintiff seeks $100,000 and return of the property.

Discussion

Even if liberally construed, to assume that plaintiff states a federal cause of action for a civil rights violation pursuant to 42 U.S.C. § 1981 based upon racial discrimination in relation to the contract of sale of land, this case is subject to summary dismissal, because plaintiff lacks standing to bring this lawsuit. See Amini v. Oberlin College, 440 F.3d 350, 358 (6th Cir. 2006); 42 U.S.C. § 1981(a). Plaintiff cannot litigate his cousin's legal claims, even assuming that Henry Edward Lance is mentally incompetent and needs someone to act as his guardian ad litem or "next friend" pursuant to Federal Rule of Civil Procedure 17(c). Further, if the plaintiff is appointed the "next friend" or guardian ad litem of his cousin, he still must obtain legal counsel to bring Henry Edward Lance's legal claims before this Court. *See Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005). *See also Oxendine v. Williams*, 509 F.2d 1405, 1407 & n.* (4th Cir. 1975) (a *pro se* prisoner unassisted by counsel cannot be an advocate for others in a class action); *Frank*



*Krasner Enter., Ltd. v. Montgomery Co., Md.*, 401 F.3d 230, 234-236 & nn. 6-9 (4th Cir. 2005) (collecting cases on standing); *cf. Inmates v. Owens*, 561 F.2d 560, 562-563 (4th Cir. 1977) (one *pro se* inmate does not have standing to sue on behalf of another inmate); *Hummer v. Dalton*, 657 F. 2d 621 (4th Cir. 1981) [A prisoner proceeding *pro se* may not serve as a "knight errant" for other inmates, but may only seek to enforce his own rights.].

Plaintiff may, of course, represent himself because "[a]n individual unquestionably has the right to litigate his *own* claims in federal court." *Id. Myers*, 418 F.3d at 401(citing *Cheung v. Youth Orchestra Found. Of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)); *see also Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (citing 28 U.S.C. § 1654).  However, the right to litigate for *oneself* does not create a similar right to litigate on behalf of others.  *Myers*, 418 F.3d at 400. "The reasoning behind this rule is two-fold: it protects the rights of those before the court ..., and jealously guards the judiciary's authority to govern those who practice in its courtrooms...." *Id.* Accordingly, this rule protects the rights of Henry Edward Lance, for example, because it is too risky to permit a layman to litigate Henry Edward Lance's claims due to the risk of the layman's limited competence to litigate. *See Id.*

Recommendation

Because the plaintiff lacks standing to bring this lawsuit, **it is recommended** that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and

3



service of process.  See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972).

                                              Respectfully Submitted,

Bristow Marchant
United States Magistrate Judge

March 26, 2007
Columbia, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

