IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2007 APR 24  A 10: 44

Jesse R. Lance, )
)
Plaintiff, )
) Civil Action No. 2:07-726-SB
v. )
) **ORDER**
Jimmy Wilson Cagle, Jr., )
)
Defendant. )
_____ )

This matter is before the Court upon Plaintiff Jesse R. Lance's ("the Plaintiff") *pro se* complaint, wherein he alleges racial discrimination based on the sale of one acre of land in late 2004 from Henry Edward Lance, the cousin of the Plaintiff, to Defendant Jimmy Wilson Cagle, Jr. ("the Defendant"). Specifically, the Plaintiff, who is black, asserts that his cousin was mentally ill at the time of the sale and that he still is mentally ill. The Plaintiff claims that the Defendant, who is white, cheated and took advantage of his cousin by purchasing one acre of property for $4,000.00 when it was worth over $20,000.00, and that these actions constitute racial discrimination. He alleges that white people have been tricking black people to obtain their property for years. On behalf of the entire Lance family, the Plaintiff seeks $100,000.00 and the return of their property.

The record contains a report and recommendation of a United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B). In the R&R, the Magistrate Judge concludes that even liberally construing the Plaintiff's complaint to state a federal cause of action for a civil rights violation pursuant to 42 U.S.C. § 1981 based upon racial discrimination in the sale of land, the Plaintiff's complaint is still subject to summary dismissal because the Plaintiff lacks standing to bring the suit.

First, the Magistrate Judge notes that the Plaintiff cannot litigate his cousin's legal claims. Furthermore, the Magistrate Judge points out that even assuming that the Plaintiff's cousin is mentally incompetent and needs someone to act as guardian ad litem or "next friend" pursuant to rule 17(c) of the Federal Rules of Civil Procedure, and assuming that the Plaintiff is appointed guardian ad litem or "next friend" of his cousin, the Plaintiff still must obtain legal counsel to bring Henry Edward Lance's claims before this Court. As the Fourth Circuit Court of Appeals stated in Myers v. Loudoun County Public Schools: "An individual unquestionably has the right to litigate his *own* claims in federal court, before both the district and appellate courts. . . . The right to litigate for *oneself*, however, does not create a coordinate right to litigate for *others*." 418 F.3d 395, 400 (4th Cir. 2005) (emphasis in original) (citing Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a pro se prisoner may not litigate the interests of other prisoners in a class action)). "The reasoning behind this rule is two-fold: it protects the rights of those before the court, and jealously guards the judiciary's authority to govern those who practice in its courtrooms." Id. (internal citations omitted).

In his objections to the R&R, the Plaintiff states that he disagrees with all of the R&R, calling it "another situation in which the Magistrate Judge is defending the Defendant, and all these things are based upon 100%-Racism." (Obj. at 1.) The Plaintiff does not point to any legal or factual error in the R&R but again asserts that the Defendant "cheated" his allegedly mentally ill cousin out of the property at issue based on racism and discrimination. The Plaintiff asserts that "[a]nyone has a [l]egal [r]ight to file a [l]egal [a]ction against [r]acism and [d]iscrimination . . . ." (Obj. at 1.)

After a review of the record, the Court rejects the Plaintiff's objections as wholly

2

without merit and adopts the Magistrate Judge's R&R because it is clear that the Plaintiff lacks standing to bring this suit on behalf of his cousin.

Based on the foregoing, it is

**ORDERED** that the Magistrate Judge's R&R is adopted; the Plaintiff's objections are overruled; and the Plaintiff's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

April **23**, 2007
Charleston, South Carolina

#3